# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS WILLIAMSON, | CASE NO. 1:10-cv-02303 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| JAMES A. YATES, et al., | (Doc. 1) |
| Defendants. | |

## **Screening Order**

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims

The events at issue in this action occurred at Pleasant Valley State Prison (PVSP), where Plaintiff is currently housed. Plaintiff claims that defendants, correctional officials employed by the California Department of Corrections and Rehabilitation at PVSP, have denied him access to the courts in violation of the First Amendment. Plaintiff names the following individual defendants: James Yates, PVSP Warden; Associate Warden R. Fisher; J. Wynn; C. Lopez; S. Solis.

Plaintiff alleges that he has filed over two dozen inmate grievances, as well as "writs and petitions for the courts." Plaintiff routinely requests that the defendants provide him with copies of various documents "for filing and serving the various interested parties in the action." The Defendants allegedly provide some copies, advising Plaintiff that he does not need all the copies that he requests. Plaintiff alleges generally that "defendants have refused on a collective basis to correct their continued abuse of Plaintiff's rights, causing him unnecessary and repetitive losses in his court filings."

### A. Access to Courts

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures); Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994); Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1989) (per curiam). To establish a violation of the right of access to the courts, a prisoner must establish that

he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. See Lewis, 518 U.S. at 349. An "actual injury" is "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" Id. at 348.

Prisoners do not have a right to a law library. Lewis, 518 U.S. at 350. Prisoners have a right of access to the courts and a law library is "merely 'one constitutionally acceptable method to assure meaningful access to the courts'". Lewis, 518 U.S. at 351 (quoting Bounds, 430 U.S. at 830)). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Thus, allegations that a prisoner was denied access to the law library is not sufficient to state a claim for interference with access to the courts. An access-to-courts claim centers around the actual injury a prisoner suffered with respect to contemplated or existing litigation, and not on the fact that the prisoner was denied time in the law library, or was removed from the law library prematurely.

The right of access to the courts does not require the State to enable prisoners to discover grievances and litigate effectively once in court. Id. at 354. Further, the right of access to the courts only pertains to attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated, habeas petitions, and civil rights actions. Id. When raising an access to courts claim seeking relief for a lost opportunity to present a legal claim or relief from an unfavorable outcome in a prior legal claim, a plaintiff must show 1) the loss of a nonfrivolous or arguable claim; 2) the defendant's acts frustrating the litigation; and 3) that the relief sought is unobtainable in any presently existing suit. Christopher v. Harbury, 536 U.S. 403, 413-416 (2002).

Here, the Court finds Plaintiff's allegations to be vague. Plaintiff alleges, at most, difficulty in obtaining copies. Plaintiff refers generally to "writs and petitions," but does not refer to a specific action challenging the conditions of his confinement or his underlying criminal conviction. Further, Plaintiff fails to allege facts indicating that he suffered actual injury within the meaning of Lewis - facts indicating that an action was dismissed as a direct result of conduct by a named defendant.

Further, Plaintiff refers to defendants in general. Although Plaintiff names defendants in an individual capacity, he must charge each defendant with conduct that indicates personal involvement

1 in the deprivation of Plaintiff's rights. The Court finds Plaintiff allegations regarding defendants in
2 general to be vague.

3 **B.  Supervisory Liability**

4 Plaintiff names as defendants individuals who are employed by the CDCR in a supervisory
5 capacity. Under section 1983, Plaintiff must prove that the Defendants holding supervisory positions
6 personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th
7 Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her
8 own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). A supervisor may be held
9 liable for the constitutional violations of his or her subordinates only if he or she "participated in or
10 directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List,
11 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009);
12 Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007);
13 Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff has alleged no such facts in this
14 case. The supervisory defendants should therefore be dismissed.

15 **III.  Conclusion and Order**

16 The Court has screened Plaintiff's complaint and finds that it does not state any claims upon
17 which relief may be granted under section 1983. The Court will provide Plaintiff with the
18 opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.
19 Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not
20 change the nature of this suit by adding new, unrelated claims in his amended complaint. George,
21 507 F.3d at 607 (no "buckshot" complaints).

22 Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
23 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
24 Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be
25 [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v.
26 Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

27 Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
28 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

(9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   April 7, 2011             /s/ Gary S. Austin
                                   UNITED STATES MAGISTRATE JUDGE